## CLARK v STUDEBAKER CORPORATION et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9710. Decided August 2, 1929

Messrs. Arthur P. Gustafson and Louis Fernberg, Cleveland, for Clark.

Messrs. Henderson, Quail, McGraw & Morgan, Cleveland, for Studebaker Corporation et.

WILLIAMS, J.

Even though there is no evidence in the record tending to prove either that Fisher bought the car or was the agent of both of the defendants at the time of its sale, yet these facts are not vital. The mortgage by its terms gave the mortgagee the right to take possession of the mortgaged car and sell it at private sale without notice, and also provided that the mortgagee could become the purchaser at such sale. It follows that if the mortgagee or an agent of the mortgagee, or any one else, bought it at such sale, the sale would be valid and the purchaser would get a good title. It does not follow, however, that the mortgagor would have no remedy against the mortgagee. The sale being valid, cannot be set aside, and obviously an action for an accounting could bring no results in the instant case.

The plaintiff below sought her remedy by way of damages.. There is evidence in the record tending to show that the property was sold by the Studebaker Corporation, which had taken back the notes and mortgage from the Industrial Acceptance Corporation, for much less than half of its market value at the time of the sale and for about a third of the price for which it had been sold six months before, and that the Studebaker Corporation at the time of the sale knew that the plaintiff had paid about one-half the purchase price and had funds with which to pay all notes that had matured according to their terms, and was endeavoring to raise the money to meet the whole indebtedness.

If the facts in this case are not sufficient to warrant the submission of the cause to the jury, then in every case in which a mortgage provides for repossession of mortgaged property and sale of the same at private sale without notice to the mortgagtor, the mortgagor is wholly at the mercy of the mortgagee.

We are still of the opinion that the court erred in directing a verdict and that the question whether the sale was made fairly, openly and in good faith should have been submitted to the jury. Application for rehearing denied.

Lloyd and Richards, JJ, concur.